(No. 43814.—

AMERICAN BAKERIES and ZURICH AMERICAN LIFE INSURANCE CO., Appellants, v. THE INDUSTRIAL COMMISSION *et al.*—(CHARLES BAHL, Appellee.)

*Opinion filed November 30, 1971.—Rehearing denied Jan. 27, 1972.*

KLOHR, BRAUN, LYNCH & SMITH, of Chicago, (MARK A. BRAUN, of counsel,) for appellant.

PERZ and McGUIRE, of Chicago, (JAMES C. SERKLAND, of counsel,) for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County confirming the Industrial Commission's award of compensation. The Industrial Commission entered an award of compensation to the employee for a

period of 487-2/3 weeks pursuant to the provisions of section 8 of the Workmen's Compensation Act (Ill.Rev. Stat. 1963, ch. 48, par. 138.8) as follows: 56 weeks at $55 for temporary total incapacity for work under paragraph 8(b); 190 weeks at $55 for 100% loss of use of the right hand under paragraph 8(e)(9); 126-2/3 weeks at $55 for 66-2/3% loss of use of left hand under paragraph 8(e)(9); and 115 weeks at $55 and 1 week at $50 for serious and permanent disfigurement under paragraph 8(c).

The issue presented in this case is a question of law and involves the construction and interrelation of paragraphs (b), (c), (e) and (h) of section 8 of the Workmen's Compensation Act to determine whether the award of 487-2/3 weeks of compensation is in violation of the 416-week limitation prescribed in paragraph (h) of section 8.

The evidence reveals that on March 3, 1965, Charles Bahl (employee), sustained burns to his head, neck, arms and hands when the truck owned by American Bakeries (employer), which he was driving in the course of his employment, overturned and caught fire. The employer contends that the award of compensation is contrary to law as it exceeds the maximum of 416 weeks (8 years) as provided in paragraph (h) of section 8. The employee maintains that the limitation as to time set forth in 8(h) is not applicable to the specific losses provided under 8(e).

In support of his theory, the employee cites the 1921 Workmen's Compensation Act, with reference to section 8(e) and which read in part as follows: "For injuries in the following schedule, the employee shall receive in addition to compensation during the period of temporary total incapacity for work resulting from such injury, in accordance with the provisions of paragraphs (a) and (b) of this section, compensation for a further period, subject to the limitations as to *time* and *amounts* fixed in paragraphs (b) *and (h)* of this section, for the specific loss herein

mentioned, as follows, but shall not receive any compensation for such injuries under any other provisions of this Act." (Laws of 1921, p. 451, emphasis supplied.) Thereafter the Act sets forth listed amounts in terms of weeks applicable to specific losses.

Paragraph (h) of section 8 of the Act in 1921 provided: "In no event shall compensation to be paid exceed 50% of the average weekly wage, or exceed $14 per week in the amount; nor, except in the case of complete disability, as defined above, shall any payments extend over a period of more than eight years from the date of the accident."

In 1931, section 8(e) was amended to read: "For injuries in the following schedule, the employee shall receive compensation for the period of temporary total incapacity for work resulting from such injury, in accordance with the provisions of paragraphs (a) and (b) of this section, for a period not to exceed 64 weeks, and shall receive in addition thereto compensation for a further period, subject to limitations *as to amounts* as in this section provided, for the specific loss therein mentioned, as follows, but shall not receive any compensation for such injuries under any other provision of the Act." (Laws of 1931, p. 582, emphasis supplied.) It is noted that this 1931 amendment deleted the reference in the Act to limitation as to time and to the limitations fixed by paragraph (h) and contained limitations only as to amounts.

In 1963 the Workmen's Compensation Act, which controls this case, read as did the amended 1931 Act with reference to paragraph (e) insofar as omitting any reference to paragraph (h) which was formerly contained in the 1921 amendment. In addition, the 1963 Act in section 8(d) provides: "If, after the accidental injury has been sustained, the employee as a result thereof becomes partially incapacitated from pursuing his usual and customary line of employment, he shall, except in the cases

covered by the specific schedule set forth in paragraph (e) of this Section, receive compensation, subject to the limitations as to *time* and *maximum amounts* fixed in paragraphs (b) and *(h)* of this section ***." (Emphasis supplied.) It is noted that paragraph (d) makes specific reference to paragraph (h) insofar as the limitations as to time and maximum amounts are concerned. Such reference to paragraph (h) is not found in paragraph (e) of section 8. The fact that reference to paragraph (h) was specifically deleted from paragraph (e) by the 1931 amendment to the Act but retained in paragraph (d) signifies the intent of the legislature that the limitation as to the number of weeks of compensation as set forth in paragraph (h) is not to apply to awards under paragraph (e) as it is now constituted in the 1963 Act.

The employer relies upon the case of *Arview v. Industrial Com., 415 Ill. 522,* wherein this court was called upon to construe sections 7(e), 8(e) (18), and 8(f) of the 1925 amendments to the Workmen's Compensation Act in order to determine the amount, and from whom compensation is payable where an employee, who had previously lost the sight of an eye, subsequently in an independent accident, and while working for the same employer, lost several other members. The employee in *Arview* contended that payments for specific loss of members should extend over a period of 605 weeks. This court made the observation that this was not only an unwarranted interpretation from the terms and provisions of the Act but was expressly barred by section 8(h) which prohibited compensation payments from extending over a period of more than 8 years, except in cases of complete disability. We do not believe this language is applicable to the instant case. The problem facing the court in *Arview* was substantially different from the question we are now called upon to determine and the reference to section 8(h) was not necessary to the decision.

We, therefore, hold that the determination of the

Industrial Commission, as confirmed by the circuit court, in awarding compensation to employee, Bahl, should be affirmed.

*Judgment affirmed.*